UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FLATHEAD-MICHIGAN I, L.L.C.,
     Plaintiff                         Case No:    1:09-cv-1006

v.                                    HONORABLE PAUL L. MALONEY
                                    Chief United States District Judge

SUTTON'S POINTE DEVELOPMENT
L.L.C., JEFFREY ROTH, MARCUS YONO,
WENDY ROTH, VANDRIE FURNITURE CO.,
ANN ARBOR NEWS, WASTE MANAGEMENT
OF MI, NATIONAL CITY BANK,
ELMER'S CRANE AND DOZER,
INDEPENDENT BANK, MOLON EXCAVATING,
AND LEELANAU COUNTY TREASURER,
     Defendants


JAMES WALKER, JO ELLEN WALKER,
GARY COHEN, KAY COHEN, LARRY DEAN
AND LINDA DEAN,
     Intervening Defendants.
_____/


APPOINTMENT OF INTERIM RECEIVER
FOR LIMITED PURPOSES


    On January 22, 2010, the Court held a hearing on Plaintiff's Emergency Motion for
Appointment of Receiver over Property and assets of Sutton's Pointe [Dkt #36].

    After argument, the court issued its ruling, ordering the Appointment of an
Interim Receiver (O'Keefe and Associates Consulting, LLC) for the following limited
purposes:

    a.  The payment of the 2007 real estate taxes owing and due on the Real Property
        on or before March 31, 2010;

b.   The taking of necessary action to obtain utility services in order to protect the Real Property;

c.   The negotiation and execution of a new Lease of Great Lakes Bottomlands for Marina Purposes with the State of Michigan Department of Environmental Quality;

d.   To employ contractors, including contractors which have or may claim to have, construction liens against the Receivership Property, for the purpose of repairing the fire suppressant system which protects the Real Property;

Although Plaintiff asserted an emergency, no order has entered yet consistent with my oral ruling from the bench.  Instead, I have another "Emergency" Motion for Entry of Receivership Order, attaching a proposed Order (Exhibit K) which significantly broadens the power of the receiver.  Plaintiff also seeks a ruling as to priority of condominium assessments.  [Dkt #52].

It is difficult for the Court to understand why it has not been presented with a proposed order consistent with the January 22 hearing, especially as it relates to assertions of inoperative fire suppression capability at the site among other matters which the court deemed truly emergent.

Without prejudice to the disposition of the new Emergency Motion [Dkt #52], the Court appoints the O'Keefe firm as interim receiver for the limited purposes contained in a-d above and the following additional authority:

e.   To take action deemed necessary in furtherance of the terms and spirit of the Order.  Notwithstanding anything to the contrary contained in this Order or otherwise, the Interim Receiver shall have no responsibility or obligation for the operation of the business of Sutton's Pointe Development, LLC, and shall have no responsibility or obligation to hire any former or current employees of Sutton's Pointe Development, LLC.

IT IS SO ORDERED.


DATED:  March 26, 2010                    /s/ Paul L. Maloney_____
                                          Paul L. Maloney
                                          Chief United States District Judge